In re the Petition for Reinstatement to the Practice of Law of Calandra Faye HARRIS, Registration No. 319910.

No. A09–1498.

Supreme Court of Minnesota.

March 8, 2011.

ORDER

By order filed on May 14, 2009, the court suspended petitioner Calandra Faye Harris from the practice of law for a minimum of 90 days for professional misconduct including making misrepresentations to a court and to her clients; failing to diligently pursue client matters; failing to communicate with clients; failing to promptly return client property; charging clients for services performed by an attorney who was not in the same law firm without a written agreement with the client; failing to obtain a written fee agreement for non-refundable fees and failing to deposit unearned fees into a trust account; failing to maintain proper trust account and business account books and records; misuse of her trust account by commingling personal and client funds resulting in shortages in the account; negotiating multiple business account checks for which there were insufficient funds in the account; and making misrepresentations to the Director of the Office of Lawyers Professional Responsibility during his investigation of these matters, in violation of Minn. R. Prof. Conduct 1.3, 1.4(a) and (b), 1.5(b) and (e)(2), 1.15(c)(4), 1.15(h), 1.16, 8.1, 8.4(c), (d), and (i), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

In August 2009, petitioner petitioned for reinstatement. A hearing was held before a panel of the Lawyers Professional Responsibility Board in November 2010, after which the panel filed with the court its findings of fact, conclusions of law, and recommendation. The panel recommends that petitioner be reinstated to the practice of law and placed on probation for a period of two years. The panel further recommends that if petitioner is engaged in the practice of law she be subject to supervised probation. Finally, the panel recommends that petitioner be permitted to practice law as a solo practitioner only with the Director's approval and after demonstrating to the satisfaction of the Director that she cannot find other employment as an attorney.

The court has independently reviewed the file and approves of the panel's recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Calandra Faye Harris be, and the same is, reinstated to the active practice of law and placed on probation for a period of two years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify her compliance with the terms of probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) If petitioner engages in the practice of law during the probationary period, either as a solo practitioner or in a law firm, she shall be subject to the following additional conditions:

(1) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor petitioner's compliance with the terms of this probation. At the same time that petitioner notifies the Director of her intention to engage in the practice of law, petitioner shall provide the Director with the names of at least three attorneys who have agreed to be nominated as her supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor is appointed, petitioner shall make active client files available to the Director upon request.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor petitioner's compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. If petitioner is engaged in a solo practice, petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(3) If the Director approves petitioner to engage in the solo practice of law, she shall maintain law office and trust account books and records in compliance with Rule 1.15 and Appendix 1, Minn. R. Prof. Conduct. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA program. Such books and records shall be made available to the Director at the Director's request. Petitioner shall also enter into a written retainer agreement with each client, which shall be signed by petitioner and the client and which shall satisfy Rules 1.5(b) and 1.5(e)(2), Minn. R. Prof. Conduct. Petitioner shall provide copies of retainer agreements to the Director upon request.

(d) Petitioner shall not engage in the solo practice of law during the probationary period unless she has demonstrated to the satisfaction of the Director that she cannot find other employment as an attorney. Petitioner shall notify the Director of her intention to engage in the solo practice of law at least 30 days in advance and shall provide the Director with a written accounting of her efforts to obtain employment in a law firm. In addition, petitioner shall provide the Director, and the probation supervisor if any, with a written plan outlining office procedures designed to ensure that petitioner is in compliance with the requirements of the probation. Petitioner shall also provide the Director, and any probation supervisor, with written office procedures designed to ensure that she promptly responds to correspondence, telephone calls, and other im-

portant communications from clients, courts, and other persons interested in matters that petitioner is handing, and that will ensure that petitioner regularly reviews each file and completes legal matters on a timely basis.

BY THE COURT:

/s/Alan C. Page
Associate Justice